# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALAN DAVID McCORMACK,**

    Petitioner,

v.                                                                           **Case No. 04-C-1095**

**THOMAS BORGEN,**

    Respondent.

## ORDER ON THE HABEAS PETITION

Alan David McCormack ("McCormack") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court previously ordered the proceedings stayed while McCormack exhausted remedies in state court. This court also previously denied McCormack's motions for appointment of counsel and to transfer this case to the Western District of Wisconsin.

On July 11, 2006, McCormack informed this court that he had exhausted state remedies and was prepared to proceed with his federal habeas petition. On October 27, 2006 McCormack filed a new motion for the appointment of counsel and for discovery.

As a preliminary matter, in light of McCormack's statement that he has exhausted his remedies in state court and is prepared to proceed, this court shall order that the stay be lifted. The court shall now screen McCormack's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

Courts are required to dismiss any claims made by a petitioner "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." McCormack asserts seven grounds for relief in his petition: (1) that his conviction was upheld by use of transcripts that omitted significant portions of the trial; (2) that his conviction was upheld by use of transcripts that contained

undocumented alterations; (3) that the prosecution failed to disclose favorable evidence; (4) that he was denied effective assistance of counsel; (5) that his conviction was obtained by use of a coerced confession; (6) that he was denied the right to appeal; and (7) that he was denied appointed counsel by the courts. Following the exhaustion of state remedies, McCormack has filed a motion to amend his petition to include an eighth ground for relief. He argues that he was denied his interest in liberty by the state court's refusal to release certain evidence for DNA testing in accordance with a Wisconsin Statute. Because the respondent has not yet filed an answer to the petition, McCormack need not request leave of the court to amend his petition. However, having done so, McCormack's motion to amend shall be granted.

As for McCormack's first through sixth claims, the court cannot say that it is plainly apparent that McCormack is not entitled to relief, and therefore within thirty days of this order the respondent shall answer these grounds. However, it is plainly apparent that McCormack is not entitled to relief on grounds seven and eight, and therefore these claims shall be dismissed.

As his seven claim, McCormack argues that he was unconstitutionally denied the assistance of counsel on his collateral attack to his conviction. The Supreme Court has explicitly held that there is no constitutional right to the assistance of counsel in any post-conviction proceeding other than a direct appeal. See Murray v. Giarratano, 492 U.S. 1, 7 (1989).

As for his eighth claim, McCormack argues that the state courts have failed to properly follow a state statute. This claim involves entirely matters of state law and as such is not cognizable in a federal habeas petition.

As for McCormack's motion for appointed counsel, this court denied McCormack's earlier motion for the appointment of counsel, in part, on the basis that McCormack failed to demonstrate that he had made efforts to contact attorneys and was unsuccessful. In McCormack's renewed motion, he provides information detailing his unsuccessful efforts to obtain an attorney to represent him. This court

shall now turn to other factors that a court should consider when evaluating whether to appoint counsel for a petitioner, as are set forth in <u>Winsett v. Washington</u>, 130 F.3d 269, 281 (7th Cir. 1997).

Appointment of counsel is governed by 18 U.S.C. § 3006A (the Criminal Justice Act) and is appropriate upon a determination by the court that "the interests of justice so require" and that the petitioner is a "financially eligible person" seeking relief under 28 U.S.C. § 2254. 18 U.S.C. § 3006A (a)(2). However, representation is only appropriate when the petitioner cannot obtain justice absent an attorney, cannot obtain an attorney, and will have a "reasonable chance of success" with an attorney. <u>Winsett</u>, 130 F.3d at 281. Having reviewed the McCormack's filings in this matter, this court does not believe justice is obtainable only upon the appointment of counsel for McCormack. Additionally, this court does not believe that McCormack has demonstrated that there is a reasonable chance of success if counsel is appointed for him. Therefore, McCormack's motion for appointment of counsel shall be denied.

Finally, the court shall address McCormack's motions for discovery and DNA testing. Having reviewed McCormack's motions and the accompanying appendix, it appears that this motion is largely duplicative of one of the grounds raised by petitioner for relief, i.e., that the prosecution failed to disclose favorable evidence. In this motion, McCormack moves the court to issue an order directing state authorities to produce the evidence he contends they failed to disclose prior to his trial. Given that federal habeas relief is a very limited remedy and federal courts are limited to reviewing decisions of state courts to determine whether that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d), this court believes that the specific claims raised in McCormack's petition may be fully evaluated without the discovery sought by his motion. Therefore, McCormack's motion shall be denied.

**IT IS THEREFORE ORDERED** that the previously-issued stay is lifted.

**IT IS FURTHER ORDERED** that McCormack's motion to amend his petition is **granted**.

**IT IS FURTHER ORDERED** that a copy of McCormack's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** the respondent shall answer grounds one through six of McCormack's petition within **30 days** after service of the petition.

**IT IS FURTHER ORDERED** that McCormack's motion for appointment of counsel is **denied**.

**IT IS FURTHER ORDERED** that McCormack's motions for discovery and DNA testing are **denied**.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or his attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers which do not indicate that a copy has been sent to the respondent or her attorney.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2007.

s/Aaron E. Goodstein
AARON E. GOODSTEIN
U.S. Magistrate Judge