# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALAN DAVID McCORMACK,

    Petitioner,

    v.            Case No. 04-C-1095

JODINE DEPPISCH,

    Respondent.

## ORDER DISMISSING HABEAS PETITION AS UNTIMELY

  Alan David McCormack ("McCormack") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, McCormack seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. McCormack's petition was originally filed on November 10, 2004 and was screened by this court pursuant to Rule Four of the Rules Governing Section 2254 Cases. This court stayed McCormack's petition to permit him to return to state court to exhaust his remedies as to certain claims. On January 3, 2007, after McCormack informed the court that he had exhausted his state remedies, the court lifted the stay and ordered the respondent to answer the petition.

  On February 5, 2007, the respondent filed a motion to dismiss the petition as untimely filed and a motion to stay the time to file an answer. The court granted the respondent's motion to stay the time for the filing of an answer. McCormack has filed a brief opposing the respondent's motion to dismiss and the respondent has replied. The pleadings on the respondent's motion to dismiss are closed and the matter is ready for resolution. All parties have previously consented to the full jurisdiction of a magistrate judge.

Following a jury trial, McCormack was convicted of one count of first degree murder and on July 14, 1988, McCormack was sentenced to life imprisonment. McCormack appealed and on August 15, 1995, the Wisconsin Court of Appeals denied his appeal. (Docket Nos. 1, ¶9; 35-3.) In this appeal, McCormack argued that his confession was involuntary because he had been up more than twenty-four hours before he signed it, the trial court improperly exercised its discretion by denying his request to substitute attorneys on the first day of trial, and that his trial counsel was ineffective. McCormack did not pursue this appeal to the Wisconsin Supreme Court. (Docket No. 1, ¶10.)

On December 15, 2001, McCormack filed a motion in Burnett County Circuit Court seeking a John Doe proceeding pursuant to Wis. Stat. § 968.26. (Docket No. 1, ¶15.) In this motion, McCormack alleged that there were two individuals who were prepared to testify as to their involvement in the murder, which would thereby exonerate McCormack. He further alleged that there was a Burnett County Sheriff Deputy who witnessed physical evidence being destroyed and tampered with evidence. On December 31, 2001, the circuit court judge refused to conduct a John Doe hearing. McCormack did not appeal this ruling.

On July 18, 2002, McCormack filed a motion in Burnett County Circuit Court again requesting a John Doe hearing and seeking post-conviction relief pursuant to Wis. Stat. § 974.06. Again, he alleged that there were three witnesses whose testimony would exonerate McCormack. McCormack further argued that the state had suppressed evidence and had tampered with and destroyed evidence. (Docket No. 1, ¶16.) McCormack's John Doe complaint was denied on August 13, 2002 and his § 974.06 motion was denied on December 18, 2002. McCormack appealed these decisions and the Wisconsin Court of Appeals denied McCormack's appeal on November 25, 2003. (Docket Nos. 1, ¶18; 35-4.) In this appeal, McCormack argued that significant and substantial portions of the trial transcript were either altered or are missing. On January 14, 2004, the

2

Wisconsin Supreme Court denied review of McCormack's petition. (Docket Nos. 1, ¶20; 35-5.) On November 10, 2004, McCormack filed the present petition.

The issue currently before the court is a narrow one—whether or not McCormack's petition was timely filed. McCormack's conviction became final on September 14, 1995 when the thirty-day deadline for petitioning the Wisconsin Supreme Court for review, see Wis. Stat. § 809.62, passed without McCormack filing a petition. Because McCormack's conviction was final prior to the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established the one-year deadline for filing federal habeas actions, McCormack was permitted to file his petition within one year of the effective date of the AEDPA. Therefore, McCormack's petition had to be filed by April 24, 1997. See Balsewicz v. Kingston, 425 F.3d 1029, 1032 (7th Cir. 2005) (citing Lindh v. Murphy, 521 U.S. 320, 336 (1997); Newell v. Hanks, 283 F.3d 827, 832 (7th Cir. 2002)).

Time during which challenges to a conviction are pending in state court is excluded from the one-year deadline. 28 U.S.C. § 2244(d)(2). However, following the effective date of the AEDPA, McCormack did not file a post-conviction motion in state court until December 15, 2001, more than four years past the deadline for filing a federal habeas petition. This motion was denied and McCormack did not file another post-conviction motion in state court until July 18, 2002, more than seven months later. This motion remained pending in Wisconsin courts until the Wisconsin Supreme Court denied review on January 14, 2004. It was nearly ten months later that McCormack filed the present habeas petition on November 10, 2004.

McCormack argues that his petition is timely filed under either § 2244(d)(1)(B) or (D). Under § 2244(d)(1)(B), a conviction is not final until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Section 2244(d)(1)(D)

3

establishes that a conviction becomes final on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

McCormack alleges that the state's failure to disclose Brady material acted as an impediment to his filing the present petition. Alternatively, McCormack argues that his conviction did not become final until he learned of the two unnamed persons he alleges have implicated themselves in the murder and the unnamed sheriff's deputy who will testify that evidence was tampered with. However, McCormack does not disclose when it was that these alleged impediments were removed or this information discovered.

Based upon the record in this case, it is clear that any impediment that may have existed based upon the government's alleged failure to disclose information was removed by December 15, 2001 when McCormack filed his first request for a John Doe hearing. Similarly, it is clear that at this time McCormack had become aware of this "factual predicate" for his claims. Therefore, the latest date that McCormack's conviction was final under the AEDPA was December 15, 2001, and thus the one-year clock began to run on that date. Because McCormack's conviction was final no later than December 15, 2001, regardless of the more than four years that passed between end of the one-year grace period following the enactment of the AEDPA and McCormack's request for a John Doe hearing, McCormack's petition is untimely.

Following the circuit court's denial of McCormack's first request for a John Doe hearing and McCormack's second request for a John Doe hearing, more than seven months elapsed. These seven months combined with the ten months between the Wisconsin Supreme Court's denial of McCormack's petition for review and the filing of the present habeas petition places McCormack well-beyond the one-year deadline of the AEDPA.

McCormack's filing is further beyond the one-year deadline if the time during which McCormack's requests for a John Doe hearing are not excluded under § 2244(d)(2). Although 28

4

U.S.C. § 2244(d)(2) excludes "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," it appears that a John Doe proceeding is tangential to McCormack's conviction and therefore not excludable time. However, the court need not determine whether or not a request for a John Doe hearing is properly excludable time under § 2244(d) because, as noted above, regardless of whether the time is excluded, McCormack's petition is untimely.

Further, even accepting McCormack's argument that the state's alleged non-disclosure of certain evidence acted as an impediment to his filing the present action or tardy disclosure meant that he did not discover the factual basis for his claim until long after the deadline for filing had passed, these arguments are clearly inapplicable to many of McCormack's claims. The fact that portions of the transcript were prepared in a different font (grounds one, two, and six), that his trial attorney was allegedly ineffective (ground four), and that his confession was allegedly coerced (ground five), were all known or knowable to McCormack by the effective date of the AEDPA, and thus McCormack was required to pursue federal habeas relief for these claims no later than April 24, 1997.

Therefore, McCormack's petition is time barred under 28 U.S.C. § 2244(d)(1) and must be dismissed.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss is **granted**. The clerk shall enter judgment dismissing McCormack's petition and this case with prejudice.

Dated at Milwaukee, Wisconsin this 31st day of May, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge